**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff*,
Ha Young Kwon

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HA YOUNG KWON,<br><br>Plaintiff,<br><br>v.<br><br>KODAK LAW, LLC F/K/A LAWGIX LAWYERS, LLC,<br><br>Defendant. | Case No.: 2:22-cv-02886<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a supposed law firm that threatened fake legal action in order to collect money from a consumer who was a victim of identity theft.

2. **HA YOUNG KWON** ("Plaintiff"), by her attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **KODAK LAW, LLC F/K/A LAWGIX LAWYERS, LLC** ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. ("RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the

///

laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations of the FDCPA, and the RFDCPA.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:
    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
    e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

///

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

### PARTIES

14. Plaintiff is a natural person who resides in Los Angeles County, California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

15. Defendant Kodak Law, LLC f/k/a Lawgix Lawyers, LLC is a Pennsylvania corporation operating from an address of 1000 Cliff Mine Road STE 330, Pittsburgh, PA 15275, and is a "Debt Collector" as that term is defined by 15

U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. Plaintiff is an individual residing in Los Angeles County, California.
18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.
19. Defendant's business consists solely of the collection of delinquent consumer debts.
20. Plaintiff is a victim of Identity Theft.
21. In 2019, Plaintiff discovered that she was the victim of Identity Theft and that someone had used her identity to take over her U.S. Bank credit card account.
22. U.S. Bank hired Defendant to collect that debt from Plaintiff.
23. On August 30, 2021, Defendant dunned Plaintiff for $15,621.89.
24. Defendant bills itself as a "Collection Litigation Firm" and advertises specifically that "We are an experienced collection litigation law firm. We train, insure, support and audit our entire team of attorneys – from the managing attorney in

each state to every appearance attorney – to ensure the highest levels of quality and compliance on behalf of our clients." (http://www.kodaklaw.com/services/)

25. In actuality, Defendant is a "Legal Technology" company founded and operated by a Pennsylvania attorney who is not licensed to practice law in California, and which does not employ any attorney licensed to practice law in California.

26. Nonetheless, Defendant's dunning of August 30, 2021 advised Plaintiff that "Our firm has been retained by U.S. Bank…" and that "If your obligation remains in default, further action, including the possibility of litigation, may be taken against you, which could result in a judgment being entered which may include litigation costs."

27. On March 10, 2022, Defendant dunned Plaintiff for $15,621.89.

28. On information and belief, Defendant has dunned Plaintiff additional times during the 12 months preceding the filing of the instant action.

29. To date, Defendant has not sued Plaintiff.

## ACTUAL DAMAGES

30. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692E OF THE FDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

///

///

32. A debt collector violates § 1692e of the FDCPA when it uses any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33. Defendant violated § 1692e when it, among other qualifying actions and omissions, willfully misrepresented the legal status of the debt, to wit: that it was owed by Plaintiff.

34. Defendant violated § 1692e when it, among other qualifying actions and omissions, threatened Plaintiff with legal action that could not legally be taken or that was not intended to be taken.

## COUNT II

### VIOLATION OF § 1788.13(B) OF THE RFDCPA

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. A defendant violates § 1788.13(b) of the RFDCPA when it falsely represents that a person is an attorney or counselor at law when, in fact, they are not.

37. Defendant violated § 1788.13(b) of the RFDCPA when it threatened Plaintiff with legal action and sent demands on attorney letterhead when, in fact, Defendant's Attorney and Law Firm are not licensed to practice law in California.

## COUNT III

### VIOLATION OF § 1788.13(E) OF THE RFDCPA

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. A defendant violates § 1788.13(e) of the RFDCPA when it falsely represents that the consumer debt may be increased by the addition of attorney's fees or other charges if, in fact, such fees cannot be legally added to the existing obligation.

///

40. Defendant violated § 1788.13(e) of the RFDCPA when it asserted that, unless Plaintiff paid, Plaintiff's debt would increase by virtue of "litigation costs" being assessed during the ensuing lawsuit. In fact, Defendant's Attorney and Law Firm are not authorized to practice law in California and thus, such costs could not be legally assessed.

## COUNT IV
### VIOLATION OF § 1788.13(J) OF THE RFDCPA

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. A defendant violates § 1788.13(j) of the RFDCPA when it falsely represents that a legal proceeding has been, is about to be, or will be instituted unless payment is made.

43. Defendant violated § 1788.13(j) of the RFDCPA when it willfully and falsely represented to Plaintiff that legal action would be taken against her unless she paid.

## COUNT V
### VIOLATION OF § 1788.17 OF THE RFDCPA

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

46. Defendant violated § 1788.17 of the RFDCPA when it willfully engaged in conduct, the natural consequence of which was the violation of 15 U.S.C. § 1692e.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

///

///

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

e) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED.

47. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED: April 29, 2022

BY: /s/ MICHAEL F. CARDOZA
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF
HA YOUNG KWON

**ELECTRONICALLY STORED INFORMATION REQUEST**

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

**ELECTRONICALLY STORED INFORMATION REQUEST**